UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHERYL K. BRAINERD-RAPIER, | ) |
| | ) |
| VS. | ) Civil Action No: SA-11-CA-782-XR |
| | ) |
| ANALYTICAL GROUP, INC., | ) |
| | ) |

**ORDER**

On this date, the Court considered the Defendant's First Amended Motion for Summary Judgment (docket no. 37) and Defendant's amended motion for judgment on the pleadings (docket no. 38).

Defendant seeks summary judgment as to Plaintiff's remaining claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Equal Pay Act, and the Americans with Disabilities Act. Defendant argues that it has never employed more than 15 employees at any time and accordingly is not an employer as that term is defined under the above statutes.

Title VII makes it unlawful for "employers" to discriminate against an individual because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The term "employer" is defined as follows: The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.... 42 U.S.C. § 2000e(b).

The term "employer" with regard to the ADA means "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person...." 42 U.S.C.

§ 1211(5).

The ADEA, however, defines employer as "a person ... who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year [and] any agent of such a person." 29 U.S.C. § 630(b).

The Equal Pay Act is part of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 219. The term employer and coverage under the FLSA is not dependent upon a minimum number of employees. Id.

Plaintiff has not filed any response to Defendant's motion. Inasmuch as no competent summary judgment evidence challenges Defendant's contention (supported by competent affidavits) that it has not employed more than fifteen employees, Defendant's motion with regard to the Title VII and ADA claims is granted. Defendant's motion, however, with regard to the ADEA and EPA claims are denied because Defendant has not established that it is not an "employer" as that term is defined under those two Acts.

Defendant has also filed an amended motion for judgment on the pleadings (docket no. 38). On July 26, Plaintiff was directed to file an amended complaint by August 10 to set forth specific facts in support of her claims. In that same order, the Court partially granted Plaintiff's motion for extension of time, and stated it would issue a new scheduling order after Plaintiff filed her amended complaint. On August 10, Plaintiff filed a document entitled "Motion For Leave For Plaintiff To Replead, Amended Complaint, Extension Of Time" (docket no. 29). The Court construed this document as the amended complaint, and mooted the motion for leave to replead given that Plaintiff had been directed to file the amended complaint. The filing contained factual allegations, "issues," indicated that the Court would "apply this file to the Amended Complaint to comply with the specific facts to support each of the elements of the claim," and noted that the

Court had granted her the extension of time to "pursue the supported documents." If Plaintiff did not intend for this document to be the amended complaint, she did not so notify the Court, nor did she ever file any other document that could be construed as an amended complaint.

Defendant argues that the amended complaint fails to state any ADEA or EPA claim because she fails to overcome *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court has reviewed the original complaint and the amended complaint filed in this case. As stated in the Order filed July 26, 2012, Plaintiff's original complaint fails to support her ADEA or EPA claim with the necessary factual allegations. Plaintiff has failed to demonstrate to this Court that she has rectified this deficiency in her amended complaint. Plaintiff merely relies upon her subjective belief and states in a conclusory fashion that she was discriminated because of her age. Assuming Plaintiff argues that she was retaliated against because of some protected action she undertook related to her age, she merely relies upon her subjective belief and states any ADEA retaliation in a conclusory fashion. Likewise Plaintiff fails to state any claim under the EPA inasmuch as Plaintiff fails to state how she was paid less than any similarly situated male employee. Plaintiff filed no response to the amended motion for judgment on the pleadings. Defendant's motion with regard to the ADEA and EPA claim is granted.

Defendant seeks recovery of its attorney's fees arguing that Plaintiff brought this lawsuit in bad faith. That request is denied. "A district court may award attorney's fees to a prevailing civil rights defendant only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation.'" *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir.2001) (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Pub.*

*Sch. Dist.*, 549 F.3d 985, 988 (5th Cir. 2008). Defendant was largely successful in this case because it did not meet the requisite number of employees to be deemed an "employer" under Title VII and other statutes. Defendant concedes, however, that it engages over 200 independent contractors in its business. It was not unreasonable for a pro se plaintiff to incorrectly believe that Defendant was an "employer" under the various statutes.

## Conclusion

Defendant's First Amended Motion for Summary Judgment (docket no. 37) is granted in part. Defendant's amended motion for judgment on the pleadings (docket no. 38) is granted in part.

Inasmuch as all of Plaintiff's claims have now been dismissed, the Clerk is directed to enter judgment that Plaintiff take nothing on her claims. Defendant is awarded its costs of court and must file a Bill of Costs in the form required by the Clerk of Court within fourteen days of the judgment.

It is so ORDERED.

SIGNED this 13th day of November, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE